UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CRIMINAL CASE NO. 14-5-GFVT-CJS-3
CIVIL CASE NO. 16-176-GFVT-CJS

UNITED STATES OF AMERICA                                                                                           PLAINTIFF

v.                                             REPORT AND RECOMMENDATION

PAMELA MICHELLE BENNETT                                                                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

On August 16, 2016, Defendant Pamela Michelle Bennett, *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (R. 87). On October 21, 2016, the United States filed its Response.[1] (R. 90). Bennett was provided an opportunity to file a Reply, but she did not make such a filing and her time to do so has now expired. (R. 92). For the reasons stated below, it will be **recommended** that Bennett's § 2255 Motion be **denied**.

I.   PROCEDURAL BACKGROUND

Bennett's underlying conviction in this matter is based on her admission to the following facts:

---

[1] Although the Clerk of Courts received and docketed Bennett's pending § 2255 Motion on August 22, 2016, it is deemed filed on the date she deposited it in the correctional institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Here, the *pro se* Motion was signed on August 16, 2016. (*See* R. 87, at 13). Accordingly, applying the prisoner mailbox rule, the Court deems her § 2255 Motion to have been filed on August 16, 2016. *See Houston v. Lack*, 487 U.S. 266, 273 (1988).

    (a)     Co-defendants Chase Downey and Tabarus Holland were federal inmates incarcerated at U.S.P. McCreary, in the Eastern District of Kentucky, on or about August 3, 2013. Officials received word that Downey would be receiving drugs through the visitation room that day.

    (b)     Later that day, officials observed Downey receive a visitor in the visitation room. The visitor was listed as his grandmother, Rebecca Hutchinson. Officials observed Downey sit near Holland and Defendant Pamela Michelle Bennett and interact with them. Bennett was listed as a visitor for Holland. Bennett purchased a tray of chicken wings from the vending area, placed balloons of contraband in with them, and transferred the tray to Holland. Holland traded-out the tray of wings with another tray, signaled to Downey and then Downey consumed the balloons of contraband mixed in with the wings. Downey was taken into a "dry cell" where he was under constant surveillance until he passed the balloons of contraband. The balloons were recovered and testing by the Kentucky State Police Laboratory confirmed that they contained 12.255 grams of a substance containing methamphetamine.

    (c)     After Bennett, Holland and Downey were Mirandized, they gave statements. Bennett acknowledged transferring two balloons to Downey in the visitation room and that Holland had set-up the transfer. The cost of her trip to U.S.P. McCreary from Virginia was funded by another inmate. Downey acknowledged that he was recruited by Holland to "catch" drugs in the visitation room for Holland in exchange for money.

(R. 77, at 1-2, ¶¶ 3(a)-(c)).

On January 30, 2014, a federal grand jury returned an Indictment against Bennett and co-Defendants Downey and Holland. (R. 1). Bennett was charged with one count of providing and attempting to provide a prohibited object, methamphetamine, a Schedule II controlled substance, to Downey and Holland, inmates of United States Penitentiary McCreary, in violation of 18 U.S.C. §§ 1791(a)(1) and (b)(1). (*Id.*). On October 29, 2014, Bennett appeared with counsel before the presiding District Judge and pleaded guilty, pursuant to a written Plea Agreement, to the lone count against her. (R. 56; R. 77).

Following Bennett's rearraignment and prior to her sentencing hearing, the Probation Office prepared the Presentence Investigation Report (PSR). (R. 94). The PSR contains a summary of the facts of this case and provided the calculations under the Sentencing Guidelines that placed Bennett at a base offense level of 26. (*Id.* at 4-5, ¶ 16). Her offense level was reduced by 3 levels for acceptance of responsibility. (*Id.* at ¶ 23). Bennett's total offense level was calculated to be a level 23. (*Id.* at ¶ 24).

The PSR also contained an analysis of Bennett's background, including her criminal history. (*Id*. at 5-6, ¶¶ 25-35). Bennett's criminal history category was calculated to be a II. (*Id*. at ¶¶ 28-30). Based on Bennett's total offense level of 23 and criminal history category of II, she had a Sentencing Guidelines range of 51 to 63 months. (*Id.* at 10, ¶ 51).

Bennett's counsel filed a Sentencing Memorandum on her behalf, but did not lodge an Objection to the PSR. (R. 58). On April 23, 2015, Bennett appeared with counsel for sentencing. (R. 82). The presiding District Judge sentenced her to 36 months of imprisonment. (R. 83). Defendant did not file a direct appeal.

Bennett has now filed the pending § 2255 Motion, asserting one ground. (R. 87). Specifically, Bennett asserts she is entitled to a sentence reduction under Amendment 794 to Sentencing Guideline § 3B1.2 for having a minor role. (*Id*.).

**II.    ANALYSIS**

Under 28 U.S.C. § 2255(a), a federal prisoner may seek habeas relief on grounds that her conviction or sentence violated the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). A § 2255 motion

3

does not have to be founded on constitutional error or even federal law. *Watt v. United States*, 162 F. App'x 486, 502-03 (6th Cir. 2006). However, to succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief under § 2255 for a nonconstitutional error, a defendant must establish either a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process. *See Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *abrogated on other grounds as recognized by Kumar v. United States*, 163 F. App'x 361 (6th Cir. 2006); *see also Hicks v. United States*, 122 F. App'x 253, 256 (6th Cir. 2005); *McNeal v. United States*, 17 F. App'x 258, 260-61 (6th Cir. 2001).

In sum, a defendant must allege in her § 2255 motion that: (1) her conviction was the result of an error of constitutional magnitude; (2) her sentence was imposed outside of statutory limits; or (3) there was an error of law or fact so fundamental as to render the proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). A defendant must prove her allegations by a preponderance of the evidence. *Pough*, 442 F.3d at 964.

    **A.**    **Bennett's claim is barred by the statute of limitations.**

Bennett's claim is untimely. A one-year statute of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). This period runs from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

4

movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Here, Bennett is challenging her sentence on the underlying conviction. Because she did not file a direct appeal of the presiding District Judge's Judgment, her conviction became final for purposes of § 2255(f)(1) on May 12, 2015, when her time to appeal expired.[2] *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has expired); Fed. R. App. P. 4(b)(1)(A)(i) (a defendant's notice of appeal in a criminal case is required to be filed within 14 days after the entry of judgment). Thus, to be deemed timely under § 2255(f)(1), Bennett was required to file a § 2255 motion no later than May 12, 2016. Bennett placed the pending Motion in her institution's mailing system on August 16, 2016–more than 3 months too late. (*See* R. 87, at 13).

Bennett argues that her filing is timely because Amendment 794 became effective on November 1, 2015, after she was sentenced, and has been made retroactive. (R. 87, at 12, 14). However, Bennett does not cite any authority to support the proposition that the effective date of Amendment 794 is an event that triggers the statute of limitations for claims seeking its application on collateral review. Nor has this Court's own research revealed such authority. Instead, another

---

[2] Bennett was sentenced April 23, 2015, and the Judgment was entered on April 28, 2015. (R. 82; R. 83). Thus, she had until May 12, 2015, to file her appeal.

district judge in this District has recently held to the contrary. *See United States v. Lee*, No. 6:13-cr-45-DCR, 2016 WL 6699139, at *1 (E.D. Ky. Nov. 14, 2016) (finding statute of limitations for § 2255 motions did not run anew from the date Amendment 794 became effective because circumstance did not fall within any of the categories set forth in § 2255(f)); *United States v. Swartz*, No. 5:14-cr-074-DCR, 2016 WL 6600495, at *3 (E.D. Ky. Nov. 7, 2016) (same), *see also United States v. Moorer*, No. 4:14-cr-426, 2016 WL 7012324, at *1 (N.D. Ohio) (same). As these authorities explain, Amendment 794 is not a circumstance that triggers the running of the statute of limitation for § 2255 claims seeking its application.

As discussed above, Bennett's filing is not timely under § 2255(f)(1). Nor has Bennett asserted any facts that would implicate §§ 2255(f)(2), (f)(3) or (f)(4). Specifically, she does not assert: any action by the government prevented her from making a timely motion; the Supreme Court recognized a new right with respect to her argument for relief under Amendment 794 that has been made retroactive on collateral review; the existence of facts affecting her case that could not have been discovered earlier through the exercise of due diligence. Thus, Bennett has not established any basis that would render her filing timely. Moreover, she makes no argument that equitable tolling applies to save her claim. Accordingly, the Court will recommend that her claim be dismissed as untimely.

      **B.**    **Bennett's valid waiver bars collateral attack of her sentence**.

Even if Bennett's Motion were not time-barred, it is barred by the waiver in her Plea Agreement. A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a defendant's conviction and/or sentence. *See Hardin v. United States*, 595 F. App'x 460, 462 (6th Cir. 2014), *cert. denied*, 136 S. Ct. 535 (2015). In her Plea Agreement, Bennett waived her right to appeal her

guilty plea and conviction and, with the exception of claims of ineffective assistance of counsel, she also waived her right to collaterally attack her guilty plea, conviction, and sentence. (R. 77, at ¶ 7). Thus, if the waiver is found to be valid, Bennett is precluded by her Plea Agreement from collaterally attacking any issues barred by the waiver.

It is well settled that a defendant may waive any right, including a constitutional right, in a plea agreement provided that the waiver is knowing and voluntary. *Id.; United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004); *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). The Sixth Circuit has specifically held that a defendant's informed and voluntary waiver of the right to collateral attack bars any such relief. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Watson*, 165 F.3d at 488-89. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Sixth Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson*, 165 F.3d at 489; *United States v. Eversole*, No. 6:05-cr-64, 2010 WL 420067, at *8 (E.D. Ky. Feb. 1, 2010) (citing *Short v. United States,* 471 F.3d 686, 697-98 (6th Cir. 2006); *Davila*, 258 F.3d at 451).

In the case at bar, Bennett signed a Plea Agreement that provides in pertinent part:

> 7. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

(R. 77, at ¶ 7). On October 29, 2014, Bennett appeared before the presiding District Judge and, pursuant to the written Plea Agreement, pleaded guilty to Count 2 of the Indictment. (R. 56; R. 77).

While Bennett's rearraignment proceeding has not been transcribed, the Criminal Minutes of the proceeding provide:

> the Defendant was placed under oath and questioned by the Court. The Court finds the Defendant to be fully competent and capable of entering an informed plea. The plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing the essential elements of the relevant offense charged in the Indictment. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction and sentence. The Court finds the waiver is knowingly and intelligently made and the defendant understands the consequence of the waiver. Therefore, the plea is accepted and the Defendant is adjudged guilty of the offense charged in Count 2 of the Indictment.

(R. 56).

Thus, the record evidences that Bennett's waiver of her right to collaterally attack her sentence was knowing and voluntary, and Bennett does not argue otherwise in her § 2255 Motion. Therefore, Bennett's knowing and voluntary waiver of her right to collaterally attack her conviction and sentence with the exception of claims of ineffective assistance of counsel bars her current challenge to her sentence. *See Swartz*, 2016 WL 6600495, at *2 (holding defendant's knowing and voluntary waiver of her right to collaterally attack her sentence contained in her plea agreement barred her claim for a retroactive application of Amendment 794); *see also Lee*, 2016 WL 6699139, at *2 (same).

    **C.    Bennett's claim fails on the merits**.

Even if Bennett's claim were not barred by the statute of limitations and her knowing and voluntary waiver, it fails on the merits.[3] "Because any error in the application of the Sentencing

---

[3] Bennett seeks application of Amendment 794 via a § 2255 motion, which the Court finds is a proper vehicle for such a request. According to Sixth Circuit case law, a clarifying amendment to the Sentencing Guidelines can be applied retroactively in four possible situations: (1) the criminal case is before the District

Guidelines is a nonconstitutional error, a movant will only prevail on this type of claim if he is able to show that the alleged error amounts to a 'complete miscarriage of justice.'" *Lee*, 2016 WL 6699139, at *2 (denying defendant's argument in his § 2255 motion that he was entitled to application of Amendment 794, finding he could not demonstrate a miscarriage of justice) (quoting *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)). As noted above, Bennett has the burden of proving her contentions by a preponderance of the evidence. *Pough*, 442 F.3d at 964.

Bennett did not raise the issue of a minor-role reduction with the presiding District Judge at the time of her sentencing. While Amendment 794 was not in effect at the time of Bennett's sentencing, a minor-role reduction was available under Sentencing Guideline § 3B1.2. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.2 (2014). Thus, Bennett could have argued for a

---

Court for original sentencing; (2) the case is pending on direct appeal from the judgment of conviction and sentence; (3) the clarifying amendment is made retroactive by the Sentencing Commission by being listed in U.S.S.G. § 1B1.10(c); or (4) a federal prisoner brings a motion for post-conviction relief under 28 U.S.C. § 2255. *United States v. Geerken*, 506 F.3d 461, 464-66 (6th Cir. 2007); *United States v. DeCarlo*, 434 F.3d 447, 458-59 (6th Cir. 2006); *United States v. Borazanian*, 148 F. App'x 352, 354 (6th Cir. 2005); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 514-15 (6th Cir. 2001); *Jones v. United States*, 161 F.3d 397 (6th Cir. 1998), *opinion amended and superseded in part by* 178 F.3d 790 (6th Cir. 1999); *United States v. Williams*, 940 F.2d 176, 182 (6th Cir. 1991); *United States v. McKibben*, 2003 WL 21960505, at *2 (E.D. Tenn. Aug. 11, 2003). The fourth situation, under which a clarifying amendment may be applied retroactively pursuant to a § 2255 motion, came from the Sixth Circuit's holding in *Rivera*.

In *Rivera*, petitioner filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2241 seeking, among other things, a sentence reduction pursuant to the retroactive application of clarifying amendments to the Sentencing Guidelines. *Rivera*, 27 F. App'x at 512-17. The court held petitioner's arguments for a reduction of sentence were required to be brought to the sentencing court in a § 2255 motion to vacate, rather than in a habeas petition under § 2241. *Id*. In making its determination, the *Rivera* court reviewed the other methods of post-conviction relief available to petitioner, including a motion to reduce his sentence pursuant to § 3582(c)(2). Finding that petitioner was not entitled to relief under § 3582(c)(2) because the amendments were not specifically listed in U.S.S.G. § 1B1.10, the Sixth Circuit held "if an amendment clarifies a sentencing guideline, rather than substantively changes a guideline, a sentencing court can reduce the sentence by applying the amendment retroactively, even if it is not listed in U.S.S.G. 1B1.10[]. But again, in such a case the prisoner files a § 2255 motion with the sentencing court." *Id.* at 515. Thus, *Rivera* stands for the proposition that a defendant may request retroactive application of clarifying amendments to the Sentencing Guidelines via a motion under § 2255. However, as discussed above, Bennett's claim, although properly raised in a § 2255 motion, lacks merit.

role reduction at sentencing and/or on appeal under § 3B1.2, but the record does not support a finding that she did so. In fact, the Criminal Minutes from the Sentencing provide there were no objections to the PSR. (R. 82). Bennett's failure to raise the issue at sentencing or on appeal prevents her from showing that a complete miscarriage of justice would result if Amendment 794 were not retroactively applied to her sentence. *See cf. Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998) (holding that the decision not to retroactively apply a clarifying amendment to a sentencing guideline that enhanced § 2255 movant's sentence was not a miscarriage of justice where movant failed to raise the impropriety of the application of the pre-amendment guideline enhancement at sentencing or on direct appeal).

Further, Bennett has not articulated a substantive argument applying Amendment 794 to her circumstance. Instead, Bennett's only substantive argument as to how she qualifies as a minor participant is that she delivered the drugs to her boyfriend in prison because he threatened her and her children if she did not follow his instructions. (R. 87, at 4). Bennett has not met her burden as she makes no effort to distinguish her role in bringing the drugs into the prison from that of her co-Defendants.

Moreover, even if Bennett had qualified for a two-level decrease as a minor participant, the reduction would reduce her Sentencing Guidelines range to 41 to 51 months. The low end of this new range is still five months more than the 36-month sentence she received. Thus, Bennett has not established that a miscarriage of justice occurred because she was already sentenced below the Sentencing Guidelines range that would have been applicable to her even had she been granted a two-level reduction for being a minor participant. Accordingly, unable to demonstrate a "complete miscarriage of justice," her claim lacks merit.

### III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

IV. **CONCLUSION AND RECOMMENDATIONS**

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that:

(1) Defendant Pamela Bennett's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. 87) be **denied**;

(2) a Certificate of Appealability be denied by the District Judge in conjunction with the Court's entry of its final order in this matter;

(3) Judgment in favor of the United States be entered contemporaneously with the District Court's entry of its final order; and,

(4) this action be stricken from the active docket of the Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 27th day of December, 2016.

Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\habeas petitions\2255 R&R general\14-5-GFVT-3 Bennett R&R final.wpd